IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LESTER PAUL STEPP,

      Plaintiff,

v.                                            CASE NO. 5:15-cv-31-RS-GRJ

DR. BERNARD F. GIPSON,
NURSE LOUIS TOLBER, and
UNITED STATES OF AMERICA,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Amended Complaint, Doc. 8.  Plaintiff has been granted leave to proceed as a pauper, Doc. 4.  This case is before the Court for screening of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).   For the following reasons, the undersigned recommends that the Amended Complaint be dismissed for failure to exhaust administrative tort remedies and for failure to state a claim upon which relief may be granted.

## Standard of Review

To state a claim for relief that will survive a motion to dismiss or screening by the Court, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id*.; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed

true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal).*

## Discussion

The Amended Complaint stems from the medical care that Plaintiff, a United States military veteran, received from the two individual Defendants, a physician and a nurse at the Veterans Administration (VA) hospital in Panama City.  Plaintiff contends that Defendants have refused to schedule him to see a kidney specialist.  Plaintiff complains about other aspects of his medical care by Defendants, including the alleged failure to perform certain tests, refusal to provide Plaintiff with cardiopulmonary rehabilitation, and errors in prescribing medication.  Doc. 8 at 3-4.  Plaintiff contends that the Defendants have violated his right to due process under the Fifth Amendment, his right to be free of cruel and unusual punishment under the Eighth Amendment, and his right to equal protection under the Fourteenth Amendment.  For relief, Plaintiff seeks damages for pain and suffering in an amount in excess of thirteen million dollars, as well as injunctive relief.  Doc. 1.

The Court construed Plaintiff's original Complaint as one pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because it was unclear how each Defendant personally violated any of Plaintiff's

constitutional rights, and unclear whether Plaintiff intended to pursue claims pursuant to the Federal Tort Claims Act (FTCA), the Court ordered Plaintiff to file an Amended Complaint.  The Amended Complaint, Doc. 8, names the United States as a Defendant and reflects that Plaintiff seeks to purse a FTCA claim.  Doc. 8.

In *Bivens*, the Supreme Court held that injured plaintiffs can bring a cause of action for damages against individual federal officers based on violations of constitutional rights.  *Bivens* involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed *Bivens* actions for violations of other constitutional rights.  *See Davis v. Passman*, 442 U.S. 228 (1979) (equal protection component of the Fifth Amendment's Due Process Clause); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment's cruel and unusual punishments clause).

Although Plaintiff conclusionally claims that the Defendants violated his constitutional rights in connection with his medical care, there are no factual allegations showing that any violations of a constitutional dimension have occurred.  While Plaintiff claims that his medical care has amounted to "cruel and unusual punishment," Plaintiff is not a convicted person and therefore the Eighth Amendment's proscription of such punishments does not apply to him.   There are no facts suggesting that any of Plaintiff's due process or equal protection rights have been violated by his treating physicians at the VA.  Rather, a fair reading of the Amended Complaint establishes that Plaintiff's claims are in the nature of tort claims – medical malpractice, specifically – and such claims are not cognizable under *Bivens*.   *See Smith v. U.S.,*  2010 WL 780102, *3 (M.D.N.C. 2010) ("The Court finds no authority extending a constitutional right to a particular level of medical care to non-confined persons.").

Moreover, "'the law does not convert every potentially tortious act into a deprivation of constitutional rights simply because the alleged tortfeasor happens to be a government actor.'"  *Id*. (quoting *Wagner v. Wheeler*, 13 F.3d 86, 93 (4th Cir.1993)). To the extent that Plaintiff's allegations could be construed as asserting an improper denial of VA benefits, rather than a malpractice claim, he likewise has failed to state a cognizable *Bivens* claim.   *See, e.g., Mehrkens v. Black*, 556 F.3d 865, 868 (8th Cir. 2009) (affirming dismissal of veteran's § 1983 and *Bivens* action arising from federal officials' alleged interference with veteran's ability to get proper treatment for post-traumatic stress disorder "because the Veterans' Judicial Review Act of 1988 (VJRA), 38 U.S.C. § 511(a), created an exclusive review procedure for veterans to resolve [such] disputes, [such that federal district courts] lacked jurisdiction over [veteran's] claims despite [his] contention that they sounded in constitutional and tort law").

As noted above, the Amended Complaint raises claims of negligent treatment and medical malpractice by employees of the VA.  Such claims can be brought under the FTCA.  *See, e.g.*, *United States v. Brown*, 348 U .S. 110 (1954); *Murray v. United States*, 329 F.2d 270 (4th Cir. 1964).  As explained in this Court's order to amend, the disposition of a timely administrative tort claim by a federal agency is a statutory prerequisite to initiating suit in the district court under the FTCA.  28 U.S.C. § 2675(a). The Amended Complaint reflects that Plaintiff filed an administrative tort claim on April 30, 2015, *after* this case was filed.  Doc. 8 at 10-11.  Accordingly, this case is premature with respect to any claims under the FTCA.  Plaintiff must await disposition of his administrative tort claim before filing a federal lawsuit with respect to his FTCA claims

against the VA.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be

dismissed without prejudice as premature pursuant to the FTCA and for failure to state

a *Bivens* claim upon which relief may be granted as to the individually named

defendants.

**IN CHAMBERS** this 18th day of May 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**